# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 26, 2013

## STATE OF TENNESSEE v. MARQUES D. WHEELER

**Appeal from the Criminal Court for Knox County**
**No. 95627      Mary Beth Leibowitz, Judge**

---

**No. E2012-02134-CCA-R3-CD - Filed September 6, 2013**

---

Appellant, Marques D. Wheeler, entered a guilty plea to aggravated burglary and received a four-year suspended sentence to be served in community corrections. Following several violations, the trial court revoked appellant from community corrections and resentenced him to six years. Appellant contends that the trial court's resentencing was improper because the trial court failed to follow the statutory procedure of Tennessee Code Annotated section 40-35-210. Following our review, we affirm the judgment of the trial court.

**Tenn. R. Crim. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Mark E. Stephens, District Public Defender; and Sarah Heath Olesiuk, Assistant District Public Defender, Knoxville, Tennessee, for the appellant, Marques D. Wheeler.

Robert E. Cooper, Attorney General and Reporter; Michelle Consiglio-Young, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Patricia Cristil, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### A. Facts

The scant record in this case reflects that the trial court held a hearing on March 8, 2012. At the hearing, the trial court noted that appellant was in court because of a 2010

conviction for aggravated burglary for which he received a four-year sentence.[1] At the conclusion of the hearing, the trial court released appellant to the Community Alternatives to Prison Program ("CAPP") with instructions for him to be transported to the Steps House one week later. After successful completion of Steps, appellant was to be admitted to the Drug Court program. The trial court admonished appellant that if he failed to comply, it had the authority to resentence him to the maximum term of six years, and it probably would do so because he would earn credit on his sentence while in CAPP.

The next hearing transcript in the record is dated September 27, 2012. The record reflects that appellant had been in court in August 2012 and was prepared at that time to "take responsibility for his actions" and "serve his sentence." The State argued that the court record reflected eighteen prior court settings with eleven settings for revocation. Appellant's counsel asked the court to reinstate appellant's original four-year sentence and to not impose a six-year sentence in exchange for his not receiving credit for the time spent in CAPP. Appellant also argued the applicability of several mitigating factors, including that his conduct neither caused nor threatened bodily injury, his age, his family history, and his progress while in custody.[2] *See* Tenn. Code Ann. § 40-35-113(1), (6), (13) (2010).

The trial court reviewed appellant's case history and ruled as follows:

> [W]e didn't really talk about enhancements and mitigation earlier, but I think we should.
>
> [Appellant] is a young man. He . . . did not complete high school as *many* of the people who come here in his situation have not. . . . [I]t was recognized that [appellant] was a young man in September of 2010 when he was in custody and was released after a plea to aggravated burglary, a Class C felony.
>
> After three settings for probation where [appellant] didn't get all of his probation obligations taken care of, he didn't appear on December [ ] 8th, 2010, and a capias issued.

---

[1] Both the original and amended judgment forms indicate that appellant pleaded guilty to the offense of aggravated burglary. However, a transcript of the guilty plea submission hearing transcript is not included in the appellate record. We nonetheless conclude that the record before us is sufficient for meaningful appellate review. *See State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012).

[2] Appellant filed a sentencing memorandum in which he thoroughly addressed his position regarding the presence of mitigating factors and the absence of enhancing factors.

[Appellant] was located and placed in custody in January of 2011 and because the [c]ourt hoped for [appellant] that he would keep his word to this [c]ourt, the [c]ourt placed him on Judicial Diversion[ ] [and] gave him a chance to clean his record.

The case went inactive almost immediately, and [appellant] had a violation warrant filed within three weeks.

In March[,] he was released to complete True Purpose Discovery and given an opportunity to clean things up and [was] referred to Enhanced Probation. That was March 23, 2011. On April 8th, 2011[,] a capias issued because he did not report.

In June of 2011[,] [appellant] had been recaptured[,] and he submitted to his Judicial Diversion[,] and it was revoked[,] and he was referred to CAPP in June of 2011. Also, he was referred to ITP to complete the program. *All* for the purpose of helping [appellant] to solve his problems.

In July of 2011[,] we finally entered the judgment and gave him an opportunity to be on CAPP. And on October the 4th[,] 2011, . . . CAPP filed a warrant because [appellant] left the half-way house opportunity that we had arranged for him, did not keep his appointments[,] and was not doing what he needed to do.

In January[,] he was picked back up, and he submitted to the violation and was referred to the drug court. And then[,] he was placed in Steps House on March the 8th, ordered to enter. . . .

On April 15th, sometime through that week, [appellant] left Steps, never returned, did not meet Drug Court and CAPP . . . . [H]e's paid a little bit for his costs. Back in 2010[,] he paid some on his costs and some on his restitution. His victim has never been made whole.

[Appellant] has[,] in a couple of short years[,] run through every single opportunity that we have[,] knowing full well[,] because he's a bright young man, what he's gotten into. The [c]ourt finds that [appellant] is . . . unwilling, as opposed to incapable, of straightening out his life without the need for revocation, and he submits to revocation. So it's not like [appellant] is not recognizing that himself. But [appellant] is not amenable to further assistance from the [c]ourt.

I might also point out that [appellant], since he was a juvenile, a young man of 13, has been getting into trouble. So he fully understood what he did. And what he did and the reason he's sitting here is because he kicked open the front door of a man's residence, entered the home, went into the bedroom, grabbed a computer, headed out, . . . and took advantage of this situation. . . . [H]e just does what he wants to do.

He does not have a diploma. He has never been employed. . . . He . . . does have some family support and that's pretty obvious, but unfortunately, apparently that was not sufficient. And I think [appellant] at his age right now and at his age when he entered this plea was fully responsible for his behavior.

In addition to that[,] [appellant] just wanted out . . . . Rather than do what he needed to do, he just wanted out. And so he took every opportunity and made promises that he did not keep to me. Now I have no reason to believe any promises that he would keep at this point.

But it's important for [appellant] to know the consequences of his actions. It's important for this [c]ourt not to . . . demean the consequences of the [c]ourt's rulings.

[Appellant] was given the opportunity to have CAPP. The statute allows that the [c]ourt may extend the sentence. In my opinion[,] [appellant's] enhancing factors at this point far outweigh his mitigating factors, and [appellant] should serve his six years.

Accordingly, the trial court entered an amended judgment reflecting a six-year sentence and 374 days of jail credit.

## II. Analysis

Notably, appellant does not contest that the trial court properly revoked his CAPP sentence. He only challenges the extension of his four-year sentence to a six-year sentence in light of the trial court's alleged failure to consider the presentence report and to consider and weigh the evidence pertaining to enhancing and mitigating factors.

The original judgment form reflected that the trial court sentenced appellant to four years with supervision under CAPP, or the community corrections program. The trial court subsequently revoked appellant from community corrections. The trial court granted

appellant 374 days of jail credit and resentenced him to six years.  The statute governing community corrections sentences provides:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.  *The resentencing shall be conducted in compliance with § 40-35-210.*

Tenn. Code Ann.§ 40-36-106(e)(4) (2010) (emphasis added).  Thus, the trial court had the statutory authority to extend appellant's sentence from four years to six years.

However, appellant contends that in resentencing him, the trial court failed to consider the presentence report and the evidence pertaining to enhancing and mitigating factors and that it failed to identify and balance those factors.  As noted above, the trial court must comply with Tennessee Code Annotated section 40-35-210 when resentencing a defendant who had been subject to community corrections.  In determining an appropriate sentence under this statute, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation.  Tenn. Code Ann. §§ 40-35-103(5), -113, -210(b) (2010); Tenn. Code Ann. § 40-35-114 (2010 & Supp. 2012).  In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed."  Tenn. Code Ann. § 40-35-103(4) (2010 & Supp. 2012).

Pursuant to the 2005 amendments, the Sentencing Act abandoned the statutory presumptive minimum sentence and rendered enhancement factors advisory only. *See* Tenn. Code Ann. § 40-35-114 (2010 & Supp. 2012); Tenn. Code Ann. § 40-35-210(c) (2010).  The 2005 amendments set forth certain "advisory sentencing guidelines" that are not binding on the trial court; however, the trial court must nonetheless consider them.  *See id*. § 40-35-210(c). Although the application of the factors is advisory, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors in §§ 40-35-113 and 40-35-114." *Id.* § 40-35-210(b)(5). The trial court must also place on the record

"what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, to ensure fair and consistent sentencing." *Id*. § 40-35-210(e). The weighing of mitigating and enhancing factors is left to the sound discretion of the trial court. *State v. Carter*, 254 S.W.3d 335, 345 (Tenn. 2008). The burden of proving applicable mitigating factors rests upon appellant. *State v. Mark Moore*, No. 03C01-9403-CR-00098, 1995 WL 548786, at *6 (Tenn. Crim. App. Sept. 18, 1995). The trial court's weighing of the various enhancement and mitigating factors is not grounds for reversal under the revised Sentencing Act. *Carter*, 254 S.W.3d at 345 (citing *State v. Devin Banks*, No. W2005-02213-CCA-R3-DD, 2007 WL 1966039, at *48 (Tenn. Crim. App. July 6, 2007), *aff'd as corrected*, 271 S.W.3d 90 (Tenn. 2008)).

When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). If a trial court misapplies an enhancing or mitigating factor in passing sentence, said error will not remove the presumption of reasonableness from its sentencing determination. *Id.* at 709. This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See Carter*, 254 S.W.3d at 346. The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2010), Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

Although it is unclear from the record, it appears that appellant was in court for a probation revocation hearing in August 2012, at which time he admitted to the violations supporting revocation from community corrections. From statements of counsel, we glean that because there was disagreement about the appropriate disposition of appellant's sentence, the trial court set an additional hearing date in September 2012 for resentencing. Accordingly, this appeal involves a review of the disposition of appellant's sentence and not the propriety of the revocation of his community corrections.

From this court's review of the transcript and the trial court's order, it is not entirely clear what mitigating and enhancement factors the trial court considered, which factors it found or rejected, and the relative weight given to any of the factors. However, after our scrutinous review, we have abstracted from the record that the trial court addressed the following considerations, *albeit* without specific reference:

-6-

1.	Appellant's criminal history: The trial court outlined appellant's prior criminal record and numerous probation violations, which we conclude is an indirect reference to Tennessee Code Annotated section 40-35-114(1), that appellant "has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range."

2.	Appellant's failure to comply with the terms of his judicial diversion and other alternatives to incarceration: The trial court noted appellant's failure to complete various programs, including drug court, True Purpose Discovery, and Steps House. We interpret this statement to be an indirect reference to Tennessee Code Annotated section 40-35-114(8), that appellant "failed to comply with the conditions of a sentence involving release into the community."

3.	Circumstances of the criminal offense: Appellant contends that the trial court failed to consider the mitigating factor he advanced, that "criminal conduct neither caused nor threatened serious bodily injury." Tenn. Code Ann. § 40-35-113(1) (2012). However, the trial court discussed the circumstances of the offense, *supra*, in such a manner as to lead this court to the conclusion that it either rejected this mitigating factor or accorded it little weight.

4.	Appellant's youth: Appellant argues that the trial court erred by failing to find and apply Tennessee Code Annotated section 40-35-113(6), that he, "because of youth or old age, lacked substantial judgment in committing the offense." The trial court discussed appellant's age, noting that although he was a young man, he had been afforded every opportunity that was available to the trial court and that he had been getting into trouble since he was a juvenile of thirteen years old. By this, we glean that the trial court either rejected this mitigating factor or accorded it little weight.

5.	"Catch-all" provision: Pursuant to Tennessee Code Annotated section 40-35-113(13), the trial court is authorized to consider "[a]ny other factor consistent with the purposes of this chapter" in passing sentence. Appellant advanced his unstable home life as a youth and his obtaining his G.E.D. after committing the offenses as mitigating factors under this provision. The trial court remarked on appellant's family support and his being a "bright young man" who was "unwilling, as opposed to

incapable, of straightening out his life." We postulate that these statements by the trial court served as rejection of appellant's "catch-all" mitigating factors or its according them little weight.

Our supreme court has held that

[m]ere inadequacy in the articulation of the reasons for imposing a particular sentence . . . should not negate the presumption [of reasonableness]. . . . [W]hile "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," there is no requirement that such reasoning be particularly lengthy or detailed." *Rita v. United States*, 551 U.S. 338, 356-57 (2007). Accordingly, . . . sentences should be upheld *so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed.*

*Bise*, 380 S.W.3d at 705-06 (emphasis added).

While the trial court noted that any enhancing factors outweighed any mitigating factors, it failed to delineate on the record exactly which enhancing and mitigating factors it applied. The better practice is for the trial court to clearly reference the specific applicable enhancing and mitigating factors to facilitate meaningful appellate review. However, because our careful review reveals that the trial court considered several of the statutory guidelines necessary to ensure proper sentencing, we surmise that the trial court, although not expressly, considered the remaining requisite statutory authority.

As the supreme court noted in *Bise*, this court is authorized by statute to modify appellant's sentence. *See* Tenn. Code Ann. §§ 40-35-401(c)(2), -402(c) (2010). However, the court qualified this authority by stating:

And while we are not faced with a set of circumstances in which no reasons were given in the record, we note that the trial court is in a superior position to impose an appropriate sentence and articulate the reasons for doing so. While we have the statutory authority to modify the sentence, the more appropriate course of action under such circumstances may be to remand to the trial court. For example, the Court of Criminal Appeals observed that "the trial court did not place on the record, either orally or in writing, what specific findings it made when sentencing the defendant" and remanded the case for a new sentencing hearing because the appellate court was "unable to conduct a proper de novo review." Although our holding today replaces the

-8-

presumption of correctness and de novo standard of review with a presumption of reasonableness and abuse of discretion standard, we continue to agree that appellate courts cannot properly review a sentence if the trial court fails to articulate in the record its reasons for imposing the sentence. Therefore it is critical that trial courts adhere to the statutory requirement set forth in Tennessee Code Annotated . . . : "When the court imposes a sentence, it *shall place on the record, either orally or in writing, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence*, in order to ensure fair and consistent sentencing." (Emphasis added).

*Bise*, 380 S.W.3d at 705 n.41 (internal citations omitted).

Of course, our standard of review is abuse of discretion with a presumption of reasonableness. *Id*. at 708. Moreover, as set forth previously herein, "[a] sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 710. Although we affirm the trial court's sentencing of appellant, we reiterate our supreme court's holding in *Bise* that it remains "critical" that the trial courts articulate the reasons for imposing a sentence and "adhere to the statutory requirement" of placing on the record the reasons for ordering said sentence. *Id.*

## CONCLUSION

Based on our review of the record, the parties' briefs, and the applicable case law, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE

-9-